IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| GWENDOLYN LASHALL CHAMP, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 4:16-cv-00035-JJV |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner, Social Security | * |
| Administration, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Gwendolyn Champ, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for a review, making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence

In support of her Complaint, Plaintiff argues the ALJ erred by not giving more weight to the opinions of her treating doctor, Jim G. Aukstuolis, M.D. (Doc. No. 8 at 4.) Plaintiff is correct that her treating doctor should generally be given great deference. But after a close review of the record, I find that ALJ could properly discount his opinions.

The ALJ gave little to no weight to Dr. Aukstuolis saying he ". . . offered an opinion, based on Ms. Williams's assessment of the claimant and only seeing the claimant on one occasion." (Tr. 22.) The ALJ's statement appears to be correct as Dr. Aukstuolis only examined Ms. Champ once. (Tr. 668.) Given his brief interaction with Plaintiff, the ALJ could correctly discount Dr. Aukstuolis's opinion.

Without going into any detail, Plaintiff also argues she met Listings 12.04 and 12.06. (Doc. No. 8 at 7.) The ALJ considered Listings 12.04 and 12.06 at length. (Tr. 22-24.) A claimant is presumed disabled due to an affective disorder if she establishes the following:

> 12.04 *Affective Disorders:* Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
> A. Medically documented persistence, either continuous or intermittent, of one of the following:
>     1. Depressive syndrome characterized by at least four of the following:
>     a. Anhedonia or pervasive loss of interest in almost all activities; or
>     b. Appetite disturbance with change in weight; or
>     c. Sleep disturbance; or
>     d. Psychomotor agitation or retardation; or
>     e. Decreased energy; or

2

    f. Feelings of guilt or worthlessness; or
    g. Difficulty concentrating or thinking; or
    h. Thoughts of suicide; or
    I. Hallucinations, delusions or paranoid thinking; or
   2. Manic syndrome characterized by at least three of the following:
    a. Hyperactivity; or
    b. Pressure of speech; or
    c. Flight of ideas; or
    d. Inflated self-esteem; or
    e. Decreased need for sleep; or
    f. Easy distractibility; or
    g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
    h. Hallucinations, delusions or paranoid thinking;
or
   Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes);
AND
   B. Resulting in at least two of the following:
   1. Marked restriction of activities of daily living; or
   2. Marked difficulties in maintaining social functioning; or
   3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
   4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

20 C.F.R. Pt. 404, Subpart P, App. 1.

A claimant is considered disabled due to an anxiety related disorder if she establishes:

   12.06 *Anxiety Related Disorders:* In these disorders anxiety is either the predominant disturbance or it is experienced if the individual attempts to master symptoms; for example, confronting the dreaded object or situation in a phobic disorder or resisting the obsessions or compulsions in obsessive compulsive disorders.
   The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in both A and C are satisfied.
   A. Medically documented findings of at least one of the following:
   1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:
    a. Motor tension; or
    b. Autonomic hyperactivity; or

    c. Apprehensive expectation;  or
    d. Vigilance and scanning;
or
    2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation;  or
    3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week;  or
    4. Recurrent obsessions or compulsions which are a source of marked distress; or
    5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;
AND
    B. Resulting in at least two of the following:
    1. Marked restriction of activities of daily living;  or
    2. Marked difficulties in maintaining social functioning;  or
    3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
    4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors);
OR
    C. Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R. Pt. 404, Subpart P, App. 1.

A claimant has the burden of proving her condition meets or equals an impairment listed in Appendix 1.  20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995).  The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination.  *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990).  For a claimant to show that her impairment matches a listing, that impairment must meet all of the specified medical criteria.  *Marciniak*, 49 F.3d at 1353.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify.  *Id.*

The ALJ focused on the "B" and "C" criteria of the listings.  (Tr. 22-23.)  In considering her abilities, he concluded Plaintiff had mild to moderate limitations.  *Id.*  He concluded, "Because [Ms.

4

Champ's] mental impairment does not cause at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation, each of extended duration, the 'paragraph B' criteria are not satisfied." (Tr. 23.) The ALJ also determined the paragraph "C" criteria was not met. *Id.*

Plaintiff had the burden of showing her mental impairments resulted in a marked restriction of activities of daily living; marked difficulties in maintaining social functioning; deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner; or repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behavior). Plaintiff has not met this burden.

Although Plaintiff undoubtedly suffers from some physical and mental limitations, substantial evidence supports the ALJ's determination that she was still capable of performing work-related activities. Ms. Champ is a very young woman. And the ALJ properly focused on Plaintiff's ability to function despite her impairment, rather than focusing on her diagnosis. A mental disturbance is not disabling per se; there must be a functional loss establishing an inability to engage in substantial gainful activity before disability occurs. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). Plaintiff has largely submitted subjective complaints of her mental impairments. Proof of a disabling impairment must be supported by at least some objective medical evidence. *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992). Also, as the Commissioner points out, treatment notes show Plaintiff has not been compliant with taking her medications. And it is well settled that if an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993). The ALJ is entitled to deference on this point.

I am sympathetic to Ms. Champ's claims. There is evidence she has limitations related to her impairments - especially her depression. But the ALJ's finding that she could perform sedentary work during the relevant time period is supported by the record. *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.") It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Plaintiff has advanced other arguments that I have considered and I find to be without merit. I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this <u>1st</u> day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE